United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kevin Karpel, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 21-24168-Civ-Scola |
| | ) |
| Knauf Gips KG, et al., Defendants. | ) |

### Order Granting Defendants' Motion for Sanctions

Before the Court is the Defendants' motion for sanctions under Federal Rule of Civil Procedure 16(f). (ECF No. 96.) On November 28, 2022, the Court held a hearing on this matter and after considering the written submissions of the parties, the record in the case, and arguments of counsel, the Court granted the motion. However, the Court deferred ruling on what specific sanction(s) would be appropriate. After further deliberating on this matter, the Court has determined, for reasons more fully sets forth below, that dismissal of this and the related actions without prejudice plus the imposition of attorneys' fees and costs are appropriate sanctions.

### 1. Background

 Throughout the pendency of these proceedings, the Plaintiffs have been represented by James Doyle, Sr., a member of the Florida Bar, and James Doyle, Jr., who is not a member of the Florida Bar.

In October 2021, James Doyle, Jr. was notified by the Clerk of Court[1] that he was required to apply for admission to this Court's Bar pro hac vice. Doyle, Jr. did not file such a motion yet continued to actively appear for hearings and file pleadings in this matter. Because of Doyle, Jr.'s active participation, this Court mistakenly assumed that he had applied for and obtained permission to appear pro hac vice.

In November 2022, Defense counsel pointed out in a pleading that Doyle, Jr. had never been admitted to this Court's Bar. Despite being put on notice that he was not authorized to appear before the Court, Doyle, Jr. appeared by Zoom for a hearing on November 28, 2022 prepared to argue several pending motions while still not a member of this Court's Bar[2].

---

[1] *See* Letter from Clerk of Court dated October 7, 2021 at ECF No. 29 in Case No. 21-cv-23542.
[2] After the November 28, 2022 hearing, Doyle, Jr. finally filed a motion to be admitted pro hac vice, which the Court granted yesterday, on November 29, 2022. (*See* ECF Nos. 107, 109.)

Doyle, Sr. was not initially present for the Zoom hearing and when the Court noted that the Plaintiffs had no attorney present who was qualified to practice before the Court, a recess was taken so that Doyle, Sr. could attend the hearing, which he did. Nevertheless, Doyle, Jr. argued all of the Plaintiffs' motions for nearly two hours.

Doyle, Sr., the only attorney of record for the Plaintiffs, claimed that he was not really paying attention to the pleadings or Court orders, and that he did not read the Defendants' pleadings in which Plaintiffs' counsel's failures to comply with Court orders were set out.

There is no question that the Plaintiffs' attorneys have miserably failed in their obligations to their clients and this Court. There is no question that although Doyle, Jr. suffers from a serious health issue, that health issue has not prevented him from complying with his obligations to the clients and the Court. He has chosen to cherry-pick the legal issues he wishes to pursue and has been healthy enough to file motions seeking affirmative relief in this Court and others during the same time frame that he claims his health conditions prevented him from complying with Court orders or responding to communications from the Defendants' attorneys.

Given Plaintiffs' counsel's failures, discussed in detail below, the Court exercises its discretion to enter sanctions against them.

### 2. Plaintiffs' Counsel's Failures to Comply with Court Orders

On April 12, 2022, the Court issued an Amended Scheduling Order setting this and the Related Cases[3] for trial on the Court's two-week trial period beginning December 5, 2022. That Order also set forth a deadline of November 7, 2022 for the parties to file joint pretrial stipulations in this and the Related Cases. (*See* ECF No. 43.)

On November 7, 2022, the Defendants filed unilateral pretrial stipulations in this and the Related Cases informing the Court that the Defendants' counsel had made multiple attempts at conferral, including phone calls and e-mails, which went unanswered by Plaintiffs' counsel.

On that same day, and with no explanation as to why Defendants' conferral attempts went ignored, Plaintiffs' counsel filed an expedited motion

---

[3] The relevant "Related Cases" are: Case No. 21-cv-24168-RNS; Case No. 21-cv-24171-RNS; Case No. 21-cv-24172-RNS; Case No. 21-cv-24179-RNS; Case No. 21-cv-24181-RNS; Case No. 21-cv-24186-RNS; Case No. 21-cv-24188-RNS; Case No. 21-cv-24196-RNS; Case No. 21-cv-24200-RNS; Case No. 21-cv-24201-RNS; Case No. 21-cv-24206-RNS; Case No. 21-cv-24208-RNS; Case No. 21-cv-24210-RNS; Case No. 21-cv-24213-RNS; Case No. 21-cv-24214-RNS; Case No. 21-cv-24216-RNS; Case No. 21-cv-24215-RNS; Case No. 21-cv-24217-RNS.

for leave to file an interlocutory appeal of discovery issues that included a certificate of conferral with the Defendants noting their opposition to that motion. (ECF No. 88.)

On November 8, 2022, at a loss as to why Plaintiffs' counsel could file a motion for interlocutory appeal and confer with opposing counsel about it but not comply with the Court's Order to submit joint pretrial stipulations, the Court ordered Plaintiffs' counsel to show cause, by November 10, 2022, why sanctions should not be entered against Plaintiffs in light of counsel's failure to confer concerning the joint filing ordered by the Court. (ECF No. 91.) The Court also ordered the parties to submit joint pretrial stipulations by then.

Plaintiffs' counsel again failed to comply. On the same day the Court entered its Order to Show Cause, Doyle, Jr.—who was not admitted to this Court's Bar until *yesterday*—seemingly responded to the Order to Show Cause by making a sealed filing ex parte describing personal hardships and asking the Court to stay this and the Related Cases for six months. (ECF No. 94.) The next day, the Court set this matter for a sealed status conference, which occurred on November 14, 2022. (ECF No. 95.)

In the interim, on November 10, 2022, Plaintiffs' counsel, Doyle, Sr. (who *is* admitted to practice in Florida and authorized to appear before this Court), formally responded to the Court's Order to Show Cause by stating that, "For the reasons related to the situation described in Doc. 94, filed into this Court's record under seal, Plaintiffs have been unable to complete the pretrial stipulations and will discuss this wi[th] the court more fully during the [November 14th] status conference." (ECF No. 97.)

On that same day, the Defendants filed the instant motion requesting sanctions noting that they had attempted to confer with Plaintiffs' counsel to meet the extended November 10th deadline to file joint pretrial stipulations, but that they had, again, been ignored multiple times. To date, the Plaintiffs have failed to submit any form of pretrial stipulations.

At the November 14th status conference, Doyle, Jr. informed the Court that he had not served a copy of his sealed filing on the Defendants' counsel. Doyle, Jr. briefly discussed its contents with the Court in the presence of the Defendants' counsel. But because the Defendants had not been afforded adequate opportunity to consider the request for a stay, the Court did not rule on any of the Plaintiffs' then-pending requests. Instead, the Court set a hearing for November 28, 2022. It ordered the Defendants to file a sealed response to the request for a six-month stay and forwarded the Defendants' counsel a copy of the sealed filing. The Defendants responded on November 22. In that response, as alluded to above, the Defendants noted that Doyle, Jr. is not a

member of the Florida Bar and had not been authorized to appear before this Court. (ECF No. 103.)

At the hearing on November 28th, it became apparent that Doyle, Jr. had made no efforts to have motions for admission pro hac vice filed in this or the Related Cases despite being put on notice of his unauthorized appearances before the Court. It also became apparent that Plaintiffs' counsel had made no attempts whatsoever to remediate the Plaintiffs' failure to collaborate with Defendants concerning the overdue pretrial stipulations. Consequently, many points—including questions concerning what case(s) would be proceeding to jury trial on December 5, what evidence would be presented, what witnesses would testify, unresolved legal issues, jury instructions, deposition designations—remained unresolved on the eve of trial.

In fact, Doyle, Jr. himself raised, several times, logistical uncertainties concerning how trial was to be conducted. The Court pointed out then, and reiterates now, that those uncertainties could have been resolved had counsel conferred on either of the two occasions given to them by the Court to do so.

### 3. Legal Standard

Rule 16 allows the Court to issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Rule 37(b)(2)(A), in turn, allows a Court to dismiss an action as a sanction. *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

Further, Rule 16 also requires the Court to order "the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

### 4. Discussion

When measured against counsel's diligence concerning matters favorable to the Plaintiffs in this and the Related Cases, Plaintiffs' counsel's disregard for the Court's Orders and the Defendants' attempts at complying with those Orders is simply inexcusable. In their motion, the Defendants point out that Plaintiffs' counsel actively maintain cases like these before nearly half-a-dozen other Courts throughout the country. Counsel continue to actively make filings and appearances in them, and before none of them have Doyle, Jr.'s personal

hardships been presented as the basis for a failure to meet deadlines or request a stay. Although the Court is sympathetic to Doyle, Jr.'s health issues, no satisfactory reason has been given as to why the Plaintiffs blew off the Court's Orders—particularly its second Order that effectively extended the deadline for pretrial stipulations—and the Defendants' conferral attempts.

Noting that this and the Related Cases account for 18 matters currently set on the Court's trial calendar, the Court underscores the absolute necessity of pretrial stipulations in allowing it to efficiently administer its docket and to attend to the many other pressing matters the Court has before it.

In *Goforth v. Owens*, the Eleventh Circuit ruled that a district court would have been justified in dismissing an action under Rule 16(f) where a plaintiff's counsel failed to submit a preliminary statement to the Court and failed to appear for a calendar call after having been denied a continuance on account of a health condition. 766 F.2d 1533 (11th Cir. 1985). The Eleventh Circuit explicitly held that "[t]he court could have used the sanction of dismissal to punish counsel for his disregard of the court's orders to submit a preliminary statement and ultimately to be ready for trial." *Id.* at 1535. Indeed, "[t]he sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Id.*

As such, the Court finds it a sound exercise of discretion to: (1) dismiss without prejudice this and the Related Cases from its docket, and (2) assess against Plaintiffs' counsel reasonable attorney's fees for the time Defendants' counsel spent attempting to confer with Plaintiffs' counsel in connection with the pretrial stipulations, both before and after the November 7th deadline.

### 5. Conclusion

For the above reasons, this and the Related Cases are hereby **dismissed without prejudice**. The Court instructs the Clerk to **close this and the Related Cases**[4] with reference to this Order.

If they deem appropriate or necessary, Defendants' counsel may file a proposed order awarding the attorney's fees described herein no later than **December 15, 2022**. A courtesy copy of the as-filed proposed order must be sent to scola@flsd.uscourts.gov in Word (.docx) format.

**Done and ordered** at Miami, Florida on November 30, 2022.

Robert N. Scola, Jr.
United States District Judge

---

[4] See *supra*, note 1.