UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-24179-CIV-SCOLA/GOODMAN

MICHAEL GOLDENBERG, et al.,

    Plaintiffs,

v.

KNAUF GIPS KG, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATIONS ON
DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

Defendants Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd (collectively, "Defendants") in this alleged defective drywall lawsuit action filed a motion for attorneys' fees and costs pursuant to Fla. Stat. § 501.2105(1) (the Florida Deceptive and Unfair Trade Practices Act, ("FDUTPA")) and S.D. Fla. L. R. 7.3. [ECF No. 41]. Plaintiffs Michael Goldenberg and Michelle Goldenberg (collectively, "Plaintiffs") filed a response in opposition. [ECF No. 42]. No reply was filed and the time for doing so has passed.

United States District Judge Robert N. Scola, Jr. referred the instant motion to the Undersigned "consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules." [ECF No. 43]. For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **stay** the

motion pending resolution of the appeal (because the fees request is based on a Florida statute which requires all appeals to be exhausted in order to obtain an award, and the appeal here is still pending).

## I. Background

On November 30, 2021, Plaintiffs, along with others similarly situated, filed an eight-count class action complaint against multiple individuals, including Defendants. [ECF No. 1]. Plaintiffs alleged that the "Chinese manufactured drywall that was designed, manufactured, imported, exported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by [ ] [D]efendants" was defective. *Id*.

On November 30, 2022, Judge Scola entered an Order, under related Case No. 21-cv-24168, granting Defendants' motion for sanctions, dismissing this instant case as well as the related cases[1] due to Plaintiffs' counsel's failure to comply with court orders and the litigation process. [ECF No. 40]. On January 27, 2023, Defendants filed the instant motion. [ECF No. 41]. On February 10, 2023, Plaintiffs filed their response. [ECF No. 42].

On December 29, 2022, Plaintiffs filed a Notice of Appeal, under Case No. 21-cv-24168, regarding Judge Scola's Order dismissing the cases. [ECF No. 125]. Plaintiffs

---

[1] The relevant "Related Cases" are: Case No. 21-cv-24168-RNS; Case No. 21-cv-24171-RNS; Case No. 21-cv-24172-RNS; Case No. 21-cv-24179-RNS; Case No. 21-cv-24181-RNS; Case No. 21-cv-24186-RNS; Case No. 21-cv-24188-RNS; Case No. 21-cv-24196-RNS; Case No. 21-cv-24200-RNS; Case No. 21-cv-24201-RNS; Case No. 21-cv-24206-RNS; Case No. 21-cv-24208-RNS; Case No. 21-cv-24210-RNS; Case No. 21-cv-24213-RNS; Case No. 21-cv-24214-RNS; Case No. 21-cv-24216-RNS; Case No. 21-cv-24215-RNS; Case No. 21-cv-24217-RNS.

included the instant case in their appeal to the Eleventh Circuit. On April 28, 2023, the Eleventh Circuit remanded the cases to the District Court for "the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction existed in the first place." [ECF No. 134]. Since then, under Case No. 21-cv-24168, the parties filed amended pleadings, and Judge Scola held that there was indeed subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). [ECF No. 143]. In his ruling, Judge Scola directed "the Clerk to return the record of this case, as supplemented, to the United States Court of Appeals for the Eleventh Circuit for further proceedings." *Id*. The appeal is still pending.

## II. Applicable Legal Standards

### A. Attorney's Fees

Typically, under the "American Rule", "each party bears its own attorney's fees." *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1331 (11th Cir. 2002) (acknowledging "the general applicability of the American Rule regarding fee shifting, i.e., that each party bears its own attorneys' fees"); *Panama Shipping Lines, Inc. v. Ciramar Int'l Trading, Ltd.*, No. 08-21213-CIV, 2009 WL 812714, at *3 (S.D. Fla. Mar. 26, 2009) ("The American Rule stands for the proposition that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser."). Thus, "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975).

The party seeking attorney's fees bears the burden of establishing entitlement via statute or enforceable contract. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). And "[b]ecause the right to attorney's fees must be found in a contract or statute, the specific text of the contractual or statutory provision granting the right is critical to determining an award of fees." *Cabrera v. Haims Motors, Inc.*, No. 17-CV-60500, 2018 WL 2455438, at *2 (S.D. Fla. June 1, 2018), report and recommendation adopted, No. 17-CIV-60500, 2018 WL 4409844 (S.D. Fla. June 19, 2018) (citing *Florida Medical Ctr. v. McCoy*, 657 So. 2d 1248, 1250 (Fla. 4th DCA 1995)).

### B.  Bill of Costs

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

4

> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court can still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (internal citations omitted). Nevertheless, the Court is still limited to taxing only those costs specifically authorized by statute. *E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445)).

### C. FDUTPA Discretion

Defendants seek to recover attorney's fees and costs under FDUTPA. [ECF No. 41]. No other grounds for the fees request are identified. Section 501.2105 provides for the discretionary award of reasonable attorneys' fees and costs to the prevailing party. *Sodikart USA v. Geodis Wilson USA, Inc.*, No. 14-CV-22461, 2014 WL 6968073, at *3 (S.D. Fla. Dec. 9, 2014) (citation omitted). "In any civil litigation resulting from an act or practice involving a violation [,] the prevailing party, after judgment in the trial court and **exhaustion of all appeals**, if any, may receive [its] reasonable attorney's fees and costs

from the nonprevailing party." Fla. Stat. § 501.2105(1) (emphasis added). A party must *first* be declared to be the prevailing party before the court may exercise its jurisdiction and determine whether fees should be awarded. *Humane Soc. of Broward Cnty., Inc. v. Fla. Humane Soc.*, 951 So. 2d 966, 971-72 (Fla. 4th DCA 2007) (emphasis added).

### III. Analysis

Defendants' fees request is based on FDUTPA and FDUTPA does not permit a fees award to a prevailing party until all appeals are *exhausted*. The appeal here is far from exhausted, so the Court cannot issue a fees judgment now to Defendants under FDUTPA.

The statute provides that the prevailing party may "receive his or her reasonable attorney's fees and costs from the nonprevailing party" after "judgment in the trial court and exhaustion of all appeals, if any."

It appears as though the statute "does seem to contemplate that the motion be **filed** after the expiration of the appeal period." *Am. Registry, LLC v. Hanaw,* No. 2:13-cv-352, 2015 WL 5687693 (M.D. Fla. Sept. 25, 2015) (emphasis supplied). In addition, at least two judges in this district have "concluded that filing such a motion is not proper until the exhaustion of all appeals." *Id.*, at *3, *Citibank (S. Dakota) N.A. v. Nat'l Arbitration Council, Inc.,* No, 3:04-CV-1076, 2006 WL 2691528, at *7 (M.D. Fla. Sept. 19, 2006) (denying without prejudice FDUPTA-based motion for fees and costs, subject to renewal after either the expiration of the time to appeal or the conclusion of an appeal). *See also M.G.B. Homes, Inc. v. Ameron Homes, Inc.,* 30 F.3d 113, 115 (11th Cir. 1994) (explaining that FDUPTA

6

"expressly includes the culmination of the appellate process in its definition of a prevailing party" for purposes of awarding fees and costs). "Given the persuasive authority on the issue, the plain language of [FDUPTA], and Defendants' failure to address this issue [in their reply], the undersigned finds that the ends of justice and judicial economy would be better served by denying Defendants' renewed motion without prejudice and with leave to re-file after the conclusion of the appeal." *Bluhm v. Wyndham Vacation Ownership, Inc.*, No. 6:19-CV-2300-WWB-LHP, 2023 WL 3121397, at *10 (M.D. Fla. Mar. 13, 2023), *report and recommendation adopted*, No. 6:19-CV-2300-WWB-LHP, 2023 WL 3121299 (M.D. Fla. Apr. 13, 2023) (*citing Bowers v. Universal City Dev. Partners, Ltd.*, No. 6:03-cv-985-Orl-18JGG, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005) (stating that "[i]f the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal")).

For the same reason, it is impractical to now evaluate the non-taxable costs (i.e., those costs not permitted by 28 U.S.C. § 1920) because Defendants' argument for non-taxable costs is, again, FDUTPA.

Defendants shall file a notice with the Court within one week of the exhaustion of all appeals.

**IV. Conclusion**

Because the appellate process has yet to be exhausted, the Undersigned respectfully recommends that the District Court **stay** the motion pending resolution of

the appeal [ECF No. 41].

## V. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary, in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on July 28, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record